**Case No.: 14-13900**

---

## UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

---

ALBERTELLI LAW PARTNERS, LLC,
and JAMES E. ALBERTELLI, PA
Defendants/Appellees,


v.


JOHN PINSON, *Pro Se*
Plaintiff/Appellant.

---

**On Appeal from the**
**United States District Court for the Southern District of Florida**
**Case No.: 9:14-cv-80009-KLR**

---

APPELLEES' ANSWER BRIEF

---

Layla K. McDonald, Esq.  (Lead Counsel)      Matthew L. Schulis, Esq. (co-counsel)
l.mcdonald.esq@gmail.com                     mschulis@albertellilaw.com
FBN: 11308                                   FBN: 57116
McDonald Law, PLLC                           Albertelli Law
P.O. Box 41556                               P.O. Box 23028
St. Petersburg, FL 33743                     Tampa, FL 33623
Tel: (727) 667-2269                          Tel: (813) 221-4743


**Attorneys for Appellees**

1

## CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE

The named Defendants/Appellees, ALBERTELLI LAW PARTNERS, LLC, and JAMES E. ALBERTELLI, PA, certify that the following is a complete list of the trial judge, attorneys, persons, associations of persons, firms, partnerships, or corporations known to them that have an interest in the outcome of this case as defined by Rule 26.1-1 of the Federal Rules of Appellate Procedure and Local Rules of the Eleventh Circuit Court of Appeals:

**United States District Judge:**

The Honorable Judge Kenneth L. Ryskamp, Senior U.S. District Court Judge

**United States Magistrate Judge:**

The Honorable James M. Hopkins, Magistrate Judge

**Defendants/Appellees:**

Albertelli Law Partners, LLC (improperly named Defendant/Appellee)

James E. Albertelli, PA (improperly named Defendant/Appellee)

James E. Albertelli, PA d/b/a Albertelli Law

**Attorneys and Law Firms Representing Defendants/Appellees:**

Peter W. Kelly, Esq., Attorney for Defendants/Appellees

Amber M. Kourofsky, Esq., Attorney for Defendants/Appellees

Layla K. McDonald, Esq., Attorney for Defendants/Appellees

Matthew L. Schulis, Esq, Attorney for Defendants/Appellees

Rubina K. Shaldjian, Esq., Attorney for Defendants/Appellees

**Plaintiff/Appellant:**

John Pinson, *Pro Se*;

John D. Pinson Investment Real Estate Corporation, and all financial and corporate

    representatives, plus any others that may be discovered;

John D. Pinson Real Estate Services Incorporated, and all financial and corporate

    representatives, plus any others to be discovered; and

John D. Pinson, Inc., and all financial and corporate representatives, plus any

    others to be discovered.

    **Caveat**:   Given the multiple business ventures and investments of Mr. Pinson, according to the Public Records of the State of Florida, there may be other entities having corporate or financial interests that may be discovered.  Albertelli Law will disclose such information to the Court in compliance with applicable law and rules.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES AND CORPORATE

DISCLOSURE ............................................................................... 2-3

TABLE OF CONTENTS ......................................................................4

TABLE OF AUTHORITIES ............................................................. 5-6

STATEMENT OF JURISDICTION....................................................7

STATEMENT OF THE ISSUES.........................................................8

STATEMENT OF THE CASE........................................................ 8-10

SUMMARY OF THE ARGUMENT ...................................................10

STANDARD OF REVIEW ........................................................... 11-12

I.      THE TRIAL COURT DID NOT ERR WHEN IT FOUND THE SUBJECT
        LETTERS WERE NOT COMMUNICATIONS MADE IN CONNECTION
        WITH THE COLLECTION OF A DEBT ........................................... 12-17

II.     THE APPELLANT CAN PROVE NO SET OF FACTS UPON WHICH
        RELIEF MAY BE GRANTED AND THE TRIAL COURT DID NOT ERR
        IN DISMISSING THE AMENDED COMPLAINT WITH
        PREJUDICE ...................................................................... 12-17

CONCLUSION ....................................................................... 17-18

STATEMENT REGARDING ORAL ARGUMENT ...........................................18

CERTIFICATE OF COMPLIANCE......................................................18

CERTIFICATE OF SERVICE ...............................................................19

# TABLE OF AUTHORITIES

*Achille Lauro Lines S.R.L. v. West Indies Transport Limitada, SA, 2002 WL 31431559 (11th Cir. 2002)* ...................................................................................11

*Deutsche Bank Nat. Trust Co. v. Foxx, 971 F.Supp. 2d 1106 (M.D. Fla. 2013)* ...13

*Fishing Fleet, Inc. v. Trident Ins., Co., Ltd., F.2d 925 (5th Cir. 1979)* ..................11

*Goodson v. Bank of Am., N.A., 2014 WL 940492 (M.D. Tenn. Mar. 10, 2014)*

.....................................................................................................................15, 16, 17

*Lara v. Specialized Loan Servicing, LLC, 2013 WL 4768004 (S.D. Fla. 2013)* ....12

*Newell v. Prudential Ins. Co., 904 F.2d 644 (11th Cir. 1990)* ................................11

*Parker v. Midland Credit Mgmt., Inc., 874 F.Supp. 2d 1353 (M.D. Fla. 2012)*12, 13

*Rance v. Winn, 287 F.App'x 840 (11th Cir. 2008)* ..................................................17

*Roberts v. Florida Power & Light, Co., 146 F.3d 1305 (11th Cir. 1998)* .............10

*Rosenberg v. Gould, 554 F.3d 962 (11th Cir. 2009)* .............................................11

*Teva Phamaceuticals USA, Inc. et al v. Sandoz, Inc., et al (U.S. Jan. 20, 2015)*.....8,

.....................................................................................................................12, 13, 14

Rule 4(a)(1)(A), Fed.R.App.P ....................................................................................7

Rule 26.1-1, Fed.R.App.P. .........................................................................................2

Rule 32(a)(5-7), Fed.R.App.P ..................................................................................18

Rule 12(b)(6), Fed.R.Civ.P ...................................................................................9, 11

Rule 15, Fed.R.Civ.P .................................................................................................17

Rule 52(a)(6), Fed.R.Civ.P ............................................................8, 11, 12, 13, 14

*15 U.S.C.§1692, et seq.*...............................................................................7, 8, 12

*28 U.S.C.§1331* ....................................................................................................7

*28 U.S.C.§1367* ....................................................................................................7

*Fla.Stat.§559, et seq.*........................................................................................7, 8

## STATEMENT OF JURISDICTION

The U.S. District Court had jurisdiction over the underlying dispute pursuant to federal question jurisdiction, 28 U.S.C. §1331, as the controversy arose under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. (DE 1). Additionally, the U.S. District Court had supplemental jurisdiction, under 28 U.S.C § 1367, over the controversy arising under the Florida Consumer Practices Act ("FCCPA"), Fla. Stat. §559, *et. seq*. (DE 1).

This Honorable Court has jurisdiction over this appeal as it is an appeal from an order of dismissal with prejudice from the U.S. District Court, Southern District of Florida, which was entered on July 30, 2014, and this appeal was timely filed within thirty (30) days of entry thereon. (DE 36); Fed.R.App.P. 4(a)(1)(A).

## STATEMENT OF THE ISSUES

1.      Whether deference should be given to the U.S. District Court Judge's determination of a disputed factual issue that has evidentiary underpinnings in light of <u>Teva Pharmaceuticals USA, Inc., et al. v. Sandoz, Inc., et al.</u>, (Jan. 20, 2015) and Rule 52(a)(6), Fed.R.Civ.P., even on a motion to dismiss.

2.      Whether the U.S. District Court Judge's factual findings that the letters in dispute were not made in connection with the collection of a debt, but rather were made in response to Mr. Pinson's initialized inquiries.

## STATEMENT OF THE CASE

By way of background, Mr. John Pinson filed his **<u>Verified</u>** Complaint on January 6, 2014, alleging violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, *et seq.*, and the Florida Consumer Collection Practices Act (hereinafter "FCCPA"), Fla. Stat. §559 *et seq.* against the named Appellees (hereinafter "Albertelli Law") for allegedly attempting to collect a debt and making false assertions as to the ownership of the debt.  (DE 1).

Mr. Pinson amended his **<u>Verified</u>** Complaint, attaching the subject letters.  (DE 19, p. 15; DE 19, p.20; DE, p.25).  According to Mr. Pinson, he received a letter from Chase Bank on June 1, 2012 that indicated that it was sent "in response" to Mr. Pinson's inquiry.  (DE 19, p.15).  Additionally, the letter advised

Mr. Pinson that the "loan was sold into a public security managed by CPCC Delaware Business Trust, and may include a number of investors." (DE 19, p.15).

On July 22, 2013, Mr. Pinson sent Albertelli Law a demand letter, disputing the debt and seeking debt validation (DE 19, p.17), to which Albertelli Law responded on August 13, 2013. (DE 19, p.20).

On August 19, 2013, Mr. Pinson sent a second dispute and debt validation demand letter (DE 19, p.22), to which Albertelli Law responded on December 24, 2013 (DE 19, p.25).

It is from these letters that Mr. Pinson contends that Albertelli Law violated the FDCPA, alleging that the letters were either missing statements required on all communications from debt collectors or contained false and misleading representations. Furthermore, Mr. Pinson alleges that the letters constitute an attempt to willfully engage in conduct that can be reasonably expected to abuse or harass him in violation of the FCCPA.

On April 15, 2014, Albertelli Law filed a renewed Motion to Dismiss with prejudice, asserting that Mr. Pinson's **<u>Verified</u>** Amended Complaint should be dismissed under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim (DE 22).

The U.S. Magistrate Judge considered the matters and factually determined that the letters were in response to Mr. Pinson's inquiries, and not communications made in an attempt to collect a debt. (DE 29). The U.S. District Judge reviewed

the U.S. Magistrate Judge's Report and Recommendations *de novo*, and on July 30, 2014 upheld the factual findings that the subject letters were responses to Mr. Pinson's inquiries, and not communications made in an attempt to collect a debt. (DE 32).

The District Court dismissed the **Verified** Amended Complaint with prejudice after it appeared beyond doubt that Mr. Pinson could prove no set of facts in support of his claim that would entitle him to relief. See Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1307 (11th Cir. 1998). Mr. Pinson filed his Notice of Appeal on August 28, 2014. (DE 36).

## SUMMARY OF THE ARGUMENT

Mr. Pinson's allegations that Albertelli Law violated the FDCPA and the FCCPA hinge on whether the subject letters are, **in fact**, communications made in an attempt to collect a debt. Here, they are not.

Mr. Pinson wrote a letter to Albertelli Law demanding debt validation, and Albertelli Law responded to his inquiry. Mr. Pinson wrote another letter to Albertelli Law, again demanding debt validation, and Albertelli Law responded to his second inquiry. At no point did Albertelli Law initiate the communications, but instead Albertelli Law merely responded to Mr. Pinson's inquiries.

## STANDARD OF REVIEW

Concededly, legal issues are reviewed *de novo* and findings of fact are reviewed for clear error.  Achille Lauro Lines S.R.L. v. West Indies Transport Limitada, SA, 2002 WL 31431559 (11th Cir. 2002).  In conducting its review, the Court should be careful to distinguish between conclusions of law and the facts upon which those conclusions are based.  As such, the Court's *de novo* review is limited in scope to questions of law.  Newell v. Prudential Ins. Co., 904 F.2d 644, 649 (11th Cir. 1990).  But, issues that are purely factual in nature are subject to the clearly erroneous standard of review.  Id.  Findings of fact should not be set aside unless clearly erroneous, whether based upon oral or documentary evidence, and deference should be given to the trial judge.  Fed.R.Civ.P. 52(a)(6).  Moreover, on appeal, there exists a strong presumption that the district court's factual findings are correct.  Fishing Fleet, Inc. v. Trident Ins., Co. Ltd., 598 F.2d 925 (5th Cir. 1979).

This Honorable Court has stated that the standard of review on a Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss is *de novo*.  Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009).  However, a recent decision by the U.S. Supreme Court accorded deference to subsidiary factual findings with evidentiary underpinnings that led to the disposition of ultimate factual findings by a U.S. District Court and held that deference be given and viewed with a clear error

standard under Rule 52(a)(6), Fed.R.Civ.P.  See Teva Pharmaceuticals USA, Inc., et al. v. Sandoz, Inc., et al., (Jan. 20, 2015).

Accordingly, Albertelli Law would urge that the factual determination by the U.S. District Judge be scrutinized under the clearly erroneous standard, as the letters not only have evidentiary underpinnings, but also are dispositive to Mr. Pinson's alleged claims.

## ARGUMENT

The FDCPA prohibits debt collectors from engaging in conduct that uses unfair practices or making deceptive representations in connection with the collection of a debt.  See 15 U.S.C. § 1692 *et seq*.  In determining whether language is deceptive or misleading, the court reviews the matter using the objective, least sophisticated debtor standard.  See Parker v. Midland Credit Mgmt., Inc. 874 F.Supp. 2d 1353, 1356 (M.D.Fla. 2012).  Not every communication between a debt collector and debtor triggers the FDCPA.  See Parker v. Midland Credit Mgmt., Inc. 874 F.Supp. 2d 1353, 1357 (M.D.Fla. 2012).  Rather, a defendant must be a "debt collector" and the communication must be made in connection with debt collection activity.  See Lara v. Specialized Loan Servicing, LLC, 2013 WL 4768004, *3 (S.D.Fla. 2013)(citing Parker, 874 F.Supp. 2d at 1355).

The FCCPA, while similar to the FDCPA, prohibits *any person* from engaging in conduct that uses unfair practices or making deceptive representations in connection with the collection of a debt, and requires intent on the part of that person.  Deutsche Bank Nat. Trust Co. v. Foxx, 971 F.Supp. 2d 1106 (M.D.Fla. 2013).  Regardless, both the FDCPA and the FCCPA require that a communication be made in connection with the collection of a debt.

Albertelli Law is considered a debt collector for purposes of the FDCPA and FCCPA; however, Albertelli Law was not attempting to collect a debt.  Instead, Albertelli Law was responding to Mr. Pinson's demand letters that disputed the debt and sought debt validation.

There does not appear to be any bright-line rule to determine whether a communication by a debt collector was made in connection with the collection of a debt.  See Parker, 874 F.Supp. 2d at 1356.  Albertelli Law would urge this Honorable Court to uphold the factual findings of the District Court under Rule 52(a)(6), Fed.R.Civ.P., and not disturb the same absent clear error.

In Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc., (January 20, 2015), the U.S. Supreme Court recently discussed what standard a Court of Appeals should use when reviewing a trial court's resolution of an underlying factual dispute, and the Court held that under those facts, the Court of Appeals must apply a "clear error" standard, and not *de novo*.

Teva involved a dispute over the meaning of words as they appeared in a patent claim. In that case, a specific term could have three separate meanings, and after the District Court took evidence, it found that the specific term had one meaning. Relying on Rule 52(a)(6), Fed.R.Civ.P., the Court reasoned that a court of appeals "'must not …set aside' a district court's '(f)indings of fact'" unless there is clear error. Additionally, the Court remarked:

> The task primarily involves the construction of written instruments. And that task is better matched to a judge's skill. ("The construction of written instruments is one of those things that judges often do and are likely to do better than jurors unburdened by training in exegesis"). We consequently held that claim construction falls "exclusively within the province of the court," not that of the jury.
> …
> Construction of written instruments often presents a "question solely of law," at least when the words in those instruments are "used in their ordinary meaning." But sometimes, say when a written instrument uses "technical words or phrases not commonly understood," those words may give rise to a factual dispute. If so, extrinsic evidence may help to "establish a usage of trade or locality." And in that circumstance, the "determination of the matter of fact" will "preced[e]" the "function of construction." In contract interpretation, the existence of a "usage"—a "practice or method" in the relevant industry—"is a question of fact." This factual determination, like all other factual determinations, must be reviewed for clear error…(The Rule does not "exclude certain categories of factual findings" and applies to both "subsidiary" and "ultimate" facts. (Internal citations omitted).

Although the Teva Court dealt with a patent claim, this case deals with language interpretation of multiple correspondences in a specific timeframe. Mr. Pinson requested debt validation on separate occasions, and Albertelli responded accordingly. The District Court reviewed the subject letters under these

circumstances and made a factual determination and ruling that these letters were not communications made in connection with debt collection activity, and its fact finding should not be disturbed. Alternatively, should this Honorable Court review the letters *de novo*, Albertelli Law still maintains that the subject letters were informational only. Albertelli Law did not initiate the communications with Mr. Pinson, but rather responded to him as required by law.

As the District Court correctly pointed out, several cases support the conclusion that Albertelli Law's communications were not made in connection with the collection of a debt. (DE 32).

In Goodson v. Bank of Am., N.A., 2014 WL 940492 (M.D. Tenn. Mar. 10, 2014), the court tackled the question of whether two letters sent to a consumer from a debt collector were made in connection with debt collection activity. The first letter in Goodson informed the debtor about the servicing of the loan, and is similar to the letter from Chase Bank advising Mr. Pinson about the servicing of his loan. The Goodson court added that the inclusion of the FDCPA notice was legally irrelevant and did not transform a letter into an unlawful attempt to collect a debt. While Mr. Pinson does not allege violations against Chase Bank, the letters, dated December 24, 2013, do include the FDCPA notice and are in dispute.

The second letter in Goodson was sent from a debt collector in response to a debtor's initiated inquiry. The Goodson court held that the second letter did not

15

constitute an attempt to collect a debt  (Id. at *8) and determined that the "animating purpose" of the letter was not to induce payment, but rather to respond to the debtor's requests.  The Goodson court set forth factors to determine whether a communication is an attempt to collect a debt, namely whether a demand for payment is made, a specific due date, or whether the debt collector references negative consequences if the debtor fails to pay.

Here, like Goodson, Albertelli Law's letters were merely ministerial responses to Mr. Pinson's own requests.  Albertelli Law's responses to Mr. Pinson's letters disputing the validity of the debt were not made in connection with debt collection activity, but rather were sent to verify the debt as requested by Mr. Pinson.  First, the August 13, 2013 letter states: "Our office is in receipt of your Request for Validation pursuant to the Fair Debt Collection Practices Act" (DE 19, p. 20).  Albertelli Law's letter does not demand payment, discuss specifics of the underlying debt, give a due date, or discuss negative consequences should Mr. Pinson not pay the debt.  Rather, this letter merely advises that Mr. Pinson failed to include the disclosure form for Albertelli Law to complete.

Second, the December 24, 2013 letters state: "This letter responds to your request for a payoff of the above delinquent loan."  (DE 19, p.25).  Again, these letters were in response to Mr. Pinson's requests and were merely ministerial, as opposed to attempting to collect on a debt.  Even though these letters include the

FDCPA notification, this language, as in <u>Goodson</u>, is legally irrelevant and did not transform the letters into an unlawful attempt to collect a debt. Like the August 13, 2013 letter, the December 24, 2013 letters do not demand payment, give a due date, or discuss negative consequences should Mr. Pinson not pay the debt.

Despite Mr. Pinson's contentions, the "animating purpose" of the letters from Albertelli Law was to respond to Mr. Pinson's requests, and not to demand payment or pursue debt collection activity. Because none of the letters constituted an attempt to collect a debt, the FDCPA and FCCPA do not apply. Thus, because the FDCPA and FCCPA do not apply, Mr. Pinson could prove no set of facts in support of his claim that would entitle him to relief.

Rule 15, Fed.R.Civ.P., provides liberal leave to amend, unless amendment would be futile. <u>See Rance v. Winn</u>, 287 F.App'x 840, 841 (11th Cir. 2008). Here, the letters from Albertelli Law were responses to Mr. Pinson's demand letters that disputed the debt and sought debt validation. Because the letters were not made in connection with the collection of a debt, and therefore neither Act is triggered, the District Court's decision should be upheld without leave to amend.

## CONCLUSION

For the foregoing reasons, this Honorable Court should uphold the District Court's factual findings that the letters were not made in connection with the

collection of a debt and uphold the dismissal of Mr. Pinson's **<u>Verified</u>** Amended Complaint with prejudice.

### <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Albertelli Law does not request oral argument to the extent Albertelli Law believes that the briefing in this case is adequate and shows that the dismissal of Mr. Pinson's **<u>Verified</u>** Amended Complaint with prejudice should be affirmed. However, should this Honorable Court find that oral argument is warranted under the particular circumstances of this matter, then Albertelli Law would request oral argument.

### <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 3,392 words.

This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the typestyle requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using MS Word, 14-point font, Times New Roman, double spaced.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 2, 2015, a true and correct copy of

this Answer Brief was served on the following by U.S. Mail and electronic service:

John Pinson, pro se
526 Westwood Road
West Palm Beach, Florida 33401
Email: john@pinson.com

Matthew L. Schulis, Esq. (co-counsel)
Albertelli Law
P.O. Box 23028
Tampa, Florida 33623
Email: mschulis@albertellilaw.com
Eservice: servealaw@albertellilaw.com

/s/ Layla K. McDonald, Esq.
Attorney for Defendants/Appellees