Case No. 14-13900

*To be argued by:*
**John Pinson, pro se**

---

# UNITED STATES COURT OF APPEALS

## for the

## ELEVENTH CIRCUIT

---

John Pinson

       Plaintiff-Appellant,

v.

Albertelli Law Partners LLC and James E. Albertelli PA

       Defendants-Appellees,

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

---

## JOHN PINSON'S
## REPLY BRIEF

---

John Pinson, pro se
526 Westwood Road
West Palm Beach, Florida 33401
Tel. 561-329-2524
john@pinson.com

# **TABLE OF CONTENTS**

Table of Contents                                      2

Table of Authorities                                   3-4

Argument                                               5-19

Certificate of Compliance                              20

Certificate of Service                                 21

# TABLE OF AUTHORITIES

## Cases

Achille Lauro Lines S.R.L. v. West Indies Transport Limited, SA, 2002 (11th Cir. 2002) ................................................................................................................7

Blair v. Sherman Acquisition, No. 04 Civ. 4718, 2004 (N.D.Ill. Dec. 13, 2004) ...15

Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d (9th Cir. 2006) .....19

Conley v. Gibson, 355 U.S. 41 (1957) ...................................................................18

Estep v. Manley Deas Kochalski, LLC, 2014 (6th Cir. Jan. 16, 2014) ...................13

Exposition Press, Inc. v. FTC, 295 F.2d (2nd Cir.1961). ......................................16

Fishing Fleet, Inc. v. Trident Ins., Co. Ltd., 598 F.2d (5th Cir. 1979) .....................8

Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 658 (SD NY 2006) ..... 15, 16

Gburek v. Litton Loan Serv. LP, 614 F.3d (7th Cir.2010) ............................... 13, 17

Grden v. Leikin Ingber & Winters PC, 643 F. 3d (6th Cir.2011) ................ 13, 16, 17

Haines v. Kerner, 404 U.S. 519 (1972). ...............................................................18

Hamilton v. United Healthcare of Louisiana, Inc., 310 F 3d (5th Cir. 2002) ........19

Harrison v. Enventure Capital Group, Inc., 666 F. Supp. (W.D.N.Y. 1987) .........19

Jeter v. Credit Bureau, Inc., 760 F. 2d (11th Cir.1985) .................................... 15, 16

Johnson v. Riddle, 305 F. 3d (20th Cir. 2002) ......................................................19

Lara v. Specialized Loan Servicing, LLC, 2013 (S.D. Fla. Sept. 6, 2013) .............13

LeBlanc v. Unifund CCR Partners, 601 F. 3d (11th Cir.2010) .................... 14, 15, 16

Markman v. Westview Instruments, Inc. .................................................................9

Nagler v. Admiral Corporation, 248 F.2d (2d Cir. 1957) ......................................19

Parker v. Midland Credit Mgmt., Inc., 874 F. Supp. 2d (M.D. Fla. 2012)) ........7, 13

Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d (2d Cir.1989) .......................15

Romea v. Heiberger & Assocs., 163 F.3d (2d Cir.1998) ........................................15

Rosenberg v. Gould, 554 F.3d (11th Cir. 2009). ....................................................7

Ruth v. Triumph P'ships. 577 F.3d (7th Cir. 2009) ................................................12

Stern v. General Elec. Co., 924 F.2d (2d Cir. 1991) ..............................................19

Teva Pharmaceuticals USA, Inc., et al. v. Sandoz, Inc., et al., 574 U. S. ____ (2015) ...................................................................................................... 8, 9, 10

## Statutes

15 U.S.C § 1692e .................................................................................................13

15 U.S.C § 1692e(11) ...........................................................................................15

15 U.S.C §1692g ...................................................................................... 5, 17, 18

15 U.S.C. § 1601 et seq.............................................................................19

**Other Authorities**

Black's Law Dictionary 6th Edition ........................................................11

**Rules**

FRCP Rule 52(a)(6) ...............................................................................8

FRCP Rule 12(b)(6) ...............................................................................7

FRCP Rule 8(f) ....................................................................................18

## ARGUMENT

In their summary of the argument, Albertelli addresses two points. First, they assert that their violations hinge on their letters being "communications made in an attempt to collect a debt" (Albertelli Initial Brief pg. 10 ¶3), but this is not so, the relevant question is if the Albertelli letters "communications made in connection with the collection of any debt" and Mr. Pinson shows here they are. Second, Albertelli attempts to assert that because the letters they sent were in response to Mr. Pinson's debt validation request they were not subject to the FDCPA or FCCPA, but this is not so, and Mr. Pinson shows here that because of the relation of the parties under the strict liability aspect of FDCPA <u>the letters are in fact</u> "communications made in connection with the collection of any debt" and subject to FDCPA and as such did not contain the required validation rights notice under 15 U.S.C §1692g.

In an effort to distract this Court from the real issues, the Appellees' Alberttelli have made great effort in their Appellees' Brief to persuade this Court to adopt a clear error review standard instead of the *de novo* review standard which is proper on appeal of a motion to dismiss. Mr. Pinson will show how <u>Albertelli erroneously argues</u>: 1) that the Court below made a "factual finding"; 2) the factual finding should not be disturbed; 3) that Teva Pharmaceuticles USA, Inc. v. Sandoz, Inc. is analogous; 4) the communications were somehow required or were

ministerial; 5) the animating purpose of the Albertelli communications; 6) the District Courts conclusion of law was correct; 7) the Albertelli letters contained the required FDCPA notice; 8) leave to amend would be futile.

## I. The Court below <u>did not make</u> any factual findings.

Despite Mr. Pinson arguing in his appeal that the Court below "based its ruling on a finding of fact couched as a conclusion of law"(Pinson Initial Brief pg.25 ¶1) Albertelli argues that the Court below made a finding of fact, but the record clearly shows the Court below did not make a finding of fact but did made a conclusion of law. It would have been more appropriate to put the fact question to a Jury in a Jury Demand complaint where the letters at issue as fact evidence could have been interpreted in more than one way when considered under the least sophisticated consumer standard and FDCPA. Under the least sophisticated consumer standard the question is how the letters could be interpreted by the village idiot, not a sophisticated Federal judge.

Clearly, in the Report and Recommendation of the Magistrate Judge ("R&R)(DE 29), the R&R states, "cases … support the undersigned's conclusion that the Defendants communications were not made in connection with a debt".(DE 29 pg. 6 ¶1) Stating "cases support" the Magistrates "conclusion" points to a conclusion of law, not a finding of fact. Nowhere in the R&R does it state the

finding of any fact, particularly related to any letter. But the R&R does concede that "Neither the Eleventh Circuit nor any other circuit has established a bright-line rule for determining whether a communication from a debt collector was made in connection with the collection of any debt."(DE 29 pg. 6 ¶1 *quoting* <u>Parker v. Midland Credit Mgmt., Inc.</u>, 874 F. Supp. 2d 1356 (M.D. Fla. 2012)). Moreover, the Order Adopting Report and Recommendation of Magistrate Judge (DE 31) merely states a *de novo* review was conducted but fails to address any of Mr. Pinson's timely filed Objections (DE30) to the R&R, and makes no mention of any finding of fact.

The Court below did not make a factual finding it made a conclusion of law. Here, a *de novo* review is proper, as noted by Albertelli "legal issues are reviewed *de novo* and findings of fact are reviewed for clear error. <u>Achille Lauro Lines S.R.L. v. West Indies Transport Limited, SA</u>, 2002 WL 31431559 (11th Cir. 2002)"(Albertelli Initial Brief pg. 11 ¶1). Moreover, Albertelli noted, "[t]his Honorable Court has stated that the standard of review on a Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss is *de novo*. <u>Rosenberg v. Gould</u>, 554 F.3d 962, 965 (11th Cir. 2009)." (Albertelli Initial Brief pg. 11 ¶2). Thus, *de novo* review is proper here.

## II. There are <u>no factual findings</u> that could be disturbed

As demonstrated above at, no factual findings were made by the Court below. Thus Albertelli's argument is moot.

To advance their argument, Albertelli erroneously relied on FRCP 52(a)(6) which states:

> (6) Setting Aside the Findings. Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.

The instant matter was only at the pleadings stage, not even at issue or trial stage to which FRCP 52(a)(6) applies.

Further, in support, Albertelli erroneously cites <u>Fishing Fleet, Inc. v. Trident Ins., Co. Ltd.</u>, 598 F.2d 925 (5th Cir. 1979). In <u>Fishing Fleet</u>, the admissibility of unauthenticated Mexican Government documents at a bench trial was challenged but were found sufficient because of the testimony of an expert witness. <u>Fishing Fleet</u> was at trial stage and is not analogous to the instant matter; the instant matter was only at the pleadings stage.


## III. Teva Pharmaceuticles USA, Inc. v. Sandoz, Inc. <u>is in no way analogous</u>.

The instant matter deals with the consumer protection statutes FDCPA and FCCPA, whereas, <u>Teva Pharmaceuticals USA, Inc., et al. v. Sandoz, Inc., et al.</u>, 574 U. S. _____ (2015) deals with patent infringement claims.

The instant matter deals with communications under the least sophisticated consumer standard or how the village idiot could interpret them. The <u>Teva</u> matter deals with claims construction in an evidentiary determination on various ways "molecular weight" might be calculated resulting in a definition of the calculation of molecular weight, which is highly scientific and technical requiring experts in chemistry and physics. The differences between the approach to the cases is stark.

The instant matter was at the pleadings stage, whereas, in <u>Teva</u> the evidentiary dispute arose after a claims construction hearing. Claims construction is inapplicable in the instant matter.

A claims construction hearing or a Markman hearing is a pretrial hearing in a U.S. District Court during which a judge examines evidence from all parties on the appropriate meanings of relevant key words used in a patent claim, when patent infringement is alleged by a plaintiff. Holding a Markman hearing in patent infringement cases has been common practice since the U.S. Supreme Court, in the 1996 case of <u>Markman v. Westview Instruments, Inc</u>., found that the language of a patent is a matter of law for a judge to decide, not a matter of fact for a jury to decide. In the United States, juries determine facts in many situations, but judges determine matters of law.

Markman hearings are important, since the court determines patent infringement cases by the interpretation of claims. A Markman hearing may

encourage settlement, since the judge's claim construction finding can indicate a likely outcome for the patent infringement case as a whole. Markman hearings are before a judge, and generally take place before trial. A Markman hearing may occur before the close of discovery, along with a motion for preliminary injunction, or at the end of discovery, in relation to a motion for summary judgment. A Markman hearing may also be held after the trial begins, but before jury selection.

The evidence considered in a Markman hearing falls into two categories: intrinsic and extrinsic. Intrinsic evidence consists of the patent documentation and any prosecution history of the patent. Extrinsic evidence is testimony, expert opinion, or other unwritten sources; extrinsic evidence may not contradict intrinsic evidence.

Clearly, the instant matter is not a patent claim, and Albertelli's argument is blatantly frivolous where it attempts to make a straight faced argument that the language interpretation of the Albertelli letters is similar to claims construction in a patent infringement case determining the defined formula for calculating molecular weight of a pharmaceutical molecule. By contrast, Teva requires a Marksman hearing with expert testimony, whereas, the instant matter asks how the village idiot could interpret the Albertelli letters at issue.

Obviously, Albertelli knew this argument was frivolous, as it continued "[a]lternatively, should this Honorable Court review the letters de novo, Albertelli Law still maintains that the subject letters were informational only."(Albertelli Initial Brief pg 15 ¶1). Then Albertelli goes on to its next frivolous argument that its letters were "required by law." (Albertelli Initial Brief pg 15 ¶1).

## IV. Albertellis' communications <u>were in no way</u> "required by law" or "merely ministerial".

Albertelli asserts that, through its letters, it "responded to [Mr. Pinson] as required by law"(Albertelli Initial Brief pg 15 ¶1), and "Albertelli Law's letters were merely ministerial responses to Mr. Pinson's own requests"(Albertelli Initial Brief pg. 16 ¶2), but Albertelli <u>fails to show</u> any statute or law requiring them to respond. If Albertelli was not attempting to collect a debt, the appropriate response to Mr. Pinson's debt validation requests would be for Albertelli to not respond at all. By responding to debt validation request, the response is logically made in connection with an alleged debt validation was requested on.

Black's Law Dictionary 6th Edition defined "Ministerial Duty" as: "One regarding which nothing is left to discretion – a simple and definite duty, imposed by law, and arising under conditions admitted or proved to exist." This definition is telling - definite duty, imposed by law, and arising under conditions admitted. The

only reason Albertelli would need to respond to Mr. Pinson's debt validation requests was if it was a debt collector and intended to attempt to collect an alleged debt. Then Albertelli would have a definite duty, imposed by the FDCPA, under conditions admitted by its actions, to respond with validation, but in its response letters Albertelli failed to validate the alleged debt and wrongly inferred an alleged debt was owed to Chase.

Clearly, in Chase's own June 1, 2012 letter to Mr. Pinson, Chase indicated the "loan was sold into a public security managed by CPCC Delaware Business Trust, and may include a number of investors" (Albertelli Initial Brief pg. 9 ¶1), and was therefore not owned by Chase.

It is obvious that the Albertelli letters were communications made in connection with the collection of any debt. In the R&R the court below found "Defendant does not dispute that it is a debt collector"(DE 29 pg.6 ¶1). Examining their relationship, "the only relationship between the parties arose from their status as [alleged] debtor and debt collector" <u>Ruth v. Triumph P'ships</u>. 577 F.3d 798-99 (7th Cir. 2009), and the court found both documents constituted communication made in connection to debt collection. *Id.* at 798-99. Thus showing Mr. Pinson's claim meets the requisite "for the FDCPA to apply, two threshold criteria must be met: (1) the defendant must qualify as a debt collector; and (2) the communication must have been made in connection with the collection of any debt." Lara v.

Specialized Loan Servicing, LLC, 2013 WL 4768004, *3 (S.D. Fla. Sept. 6, 2013)

(*citing* Parker, 874 F. Supp. 2d at 1355). *see* R&R DE 29 pg.6 ¶1.


## V. Animating purpose is a question for the jury, not the Court.

Animating purpose was discussed in Grden v. Leikin Ingber & Winters PC,:

> The text of § 1692e makes clear that, to be actionable, a communication need not itself be a collection attempt; it need only be "connect[ed]" with one. Thus, we agree with the Seventh Circuit that an "explicit demand for payment" is not always necessary for the statute to apply. Gburek v. Litton Loan Serv. LP, 614 F.3d 380, 385 (7th Cir.2010).
> …See id. at 385 ("a communication made specifically to induce the debtor to settle her debt will be sufficient to trigger the protections" of the Act). … Thus, to use the language of § 1692e, a letter that is not itself a collection attempt, but that aims to make a such an attempt more likely to succeed, is one that has the requisite connection.

Grden v. Leikin Ingber & Winters PC, 643 F. 3d (6th Cir.2011).

The animating purpose of the December 24 letter and attachments directing Mr. Pinson to contact Albertelli, providing payment instructions and alleging a consequence of foreclosure in payment was not made, is a communication that aims to make a collection attempt more successful in its animating purpose.

**"The 'animating purposes' of the communication is a question of fact that generally is committed to the discretion of the jurors, not the court."**
Estep v. Manley Deas Kochalski, LLC, 2014 WL 185391 (6th Cir. Jan. 16, 2014).
(emphasis added) Thus the Court below erred in not putting the fact question to the

jury and instead making a conclusion of law where the communication could be

interpreted in more than one way under the least sophisticated consumer standard.

## VI. The District Courts conclusion of law <u>was clearly not correct</u>.

Albertelli erroneously asserts that as "the District Court [] pointed out,

several cases support the conclusion that Albertelli Law's communications were

not made in connection with the collection of a debt."(Albertelli Initial Brief pg. 15

¶2). Mr. Pinson correctly and timely objected to and argued extensively against

these cases supporting the Court below's conclusion of law in the R&R, yet the

Order Adopting Report and Recommendation of Magistrate Judge (DE 31) failed

to address any of Mr. Pinson's objections, despite the fact that Albertelli failed to

file a response brief.

In jury demand cases, juries determine facts, but judges determine matters of

law. In the instant matter the Court below "based its ruling on a finding of fact

couched as a conclusion of law"(Pinson Initial Brief pg.25 ¶1). Two letters were in

dispute between the parties as to being communications made in connection with

the collection of any debt. The 11th Circuit indicated where the parties reasonably

disagree on the proper inferences that can be drawn from the debt collector's letter,

resolution is for the trier of fact (the jury), not the court. In <u>LeBlanc v. Unifund</u>:

> A least-sophisticated consumer could read the letter as offering
> at least two options for responding. Taking the most literal reading, a
> reasonable juror could find the dunning letter was more informative
> than threatening and did not threaten imminent legal action.

However, a reasonable juror applying the "least-sophisticated consumer" standard could also view this letter as either an overt or thinly-veiled threat of suit.

In Jeter we explained that **where the parties reasonably disagree on the proper inferences that can be drawn from the debt collector's letter, resolution is for the trier of fact—not for the court** on summary judgment. *See* <u>Jeter</u>, 760 F.2d at 1176. For these reasons, this issue is one best submitted to the finder of fact. (emphasis added)

<u>LeBlanc v. Unifund CCR Partners</u>, 601 F. 3d (11th Cir.2010)

"The FDCPA defines `communication' very broadly as the conveying of information regarding a debt directly or indirectly to any person through any medium.'" <u>Romea v. Heiberger & Assocs.</u>, 163 F.3d 111, 114 n. 2 (2d Cir.1998). Consistent with Congress's intent in enacting the FDCPA, the statute should be broadly construed. *See* <u>Pipiles v. Credit Bureau of Lockport, Inc.</u>, 886 F.2d 22, 27 (2d Cir.1989); <u>Blair v. Sherman Acquisition</u>, No. 04 Civ. 4718, 2004 WL 2870080, at *2 (N.D.Ill. Dec. 13, 2004) ("Because it is designed to protect consumers, the FDCPA is, in general, liberally construed in favor of consumers to effect its purpose."). In <u>Foti v. NCO Financial Systems</u>:

[G]iven the choice of language by Congress, **the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt**, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, **a narrow reading of the term "communication"** to exclude instances such as the present case where no specific information about a debt is explicitly conveyed **could create a significant loophole in the FDCPA**, allowing collectors to circumvent the § 1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold

"communication" requirement, merely by not conveying specific information about the debt. ... **Such a reading is inconsistent with Congress's intent to protect consumers from "serious and widespread" debt collection abuses.** (emphasis added)

Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 658 (SD NY 2006)

In LeBlanc, the Court rejected the "reasonable consumer" standard in favor of the "least-sophisticated consumer" standard:

> Because we believe that Congress intended the standard under the FDCPA to be the same as that enunciated in the relevant FTC cases . . . and because we believe that the FDCPA's purpose of protecting consumers is best served by **a definition of "deceive" that looks to the tendency of language to mislead the least sophisticated** recipients of a debt collector's letters . . ., we adopt the Exposition Press standard of least sophisticated consumer . . . . Jeter, 760 F.2d at 1175; Exposition Press, Inc. v. FTC, 295 F.2d 869 (2nd Cir.1961).
> That law was not "made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous. . ." and **[t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.** There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business. (emphasis added)

LeBlanc v. Unifund CCR Partners, 601 F. 3d (11th Cir.2010)

"Whether language used by a debt collector is deceptive or misleading is determined from the perspective of the least-sophisticated consumer." Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 172 (6th Cir. 2011). "The test is objective, and asks whether there is a reasonable likelihood that an unsophisticated

consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Id*. Will the letter deceive the village idiot.

"[T]o be actionable, a communication need not itself be a collection attempt; it need only be 'connect[ed]' with one," and thus "an 'explicit demand for payment' is not always necessary for the statute to apply." *Id*. at 173 (*quoting* Gburek v. Litton Loan Serv. LP, 614 F.3d 380, 385 (7th Cir. 2010)).

The Court below arrived at an erroneous conclusion of law, and the cases it used do not support its conclusion.


## VII. The Albertelli letters do not contain required §1692g notice of rights.

Albertelli falsely asserts: "the letters, dated December 24, 2013, do include the FDCPA notice"(Albertelli Initial Brief pg. 15 ¶3), and "these letters include the FDCPA notification"(Albertelli Initial Brief pg. 16 last line continuing to pg. 17). Neither Albertelli letter contains the FDCPA required 15 USC §1692g notice of validation rights.

FDCPA 15 USC §1692g(a)(3-5) states:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

A simple scan of the Albertelli letters and attachments to the December 24 shows that the clear consumer validation rights language as noted above and stated in 15 USC §1692g(a)(3-5) was not included in any communication Mr. Pinso received from Albertelli.

## VIII. Leave to amend is proper and would not be futile.

Mr. Pinson argued his complaint contained sufficient facts to state a claim and did argue in his opposition against Albertelli's assertion that the letters in question were not communications in connection with the collection of a debt. "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice. <u>Conley v. Gibson</u>, 355 U.S. 41 at 48 (1957).

The FDCPA is a remedial statute. <u>Hamilton v. United Healthcare of Louisiana, Inc.</u>, 310 F 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107, 1117 (20th Cir. 2002).

It has long been "well-established that `outright dismissal for reasons not going to the merits is viewed with disfavor in the federal courts.'" <u>Harrison v. Enventure Capital Group, Inc.</u>, 666 F. Supp. 473, 479 (W.D.N.Y. 1987) (quoting <u>Nagler v. Admiral Corporation</u>, 248 F.2d 319, 322 (2d Cir. 1957)). For this reason, "dismissals for insufficient pleadings are ordinarily with leave to replead." <u>Stern v. General Elec. Co.</u>, 924 F.2d 472, 477 (2d Cir. 1991).

Mr. Pinson pled sufficient uncontroverted facts to state a claim for relief to be granted, and appended uncontroverted fact evidence supporting his contention of violations of the FDCPA and FCCPA. Because of the liberal consumer protection nature of the statutes, and the intent of Congress to protect consumers, it would be in the best interest of justice, and not be a futile effort, to allow Mr. Pinson to amend his complaint.

Dated: March 12, 2015

John Pinson, *pro se*, Appellant
526 Westwood Road
West Palm Beach, Florida 33401
Tel. 561-329-2524
john@pinson.com


# CERTIFICATE OF COMPLIANCE 32a

Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements.

1. This brief complies with the type-volume limitation of Fed.R.App.P. Rule 32(a)(7)(B) and (C). because:
   A. this brief contains 3,745 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii), or
   B. this brief uses a monospaced typeface and contains 346 lines of text, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).
2. This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using MS Word version 14.0.7218.5000  in 14 point size Times New Roman style.

Dated: March 12, 2015

John Pinson, *pro se* Appellant

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Reply Brief was filed with the Clerk of the U.S. Court of Appeals, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, and an additional a true and correct copy with first-class postage prepaid, has been deposited in the U.S. Mail to those on service list below.

## Service List

Rubina K. Shaldjian, Esq.
rshaldjian@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel. 813-221-4743 x1508
Fax. 813-221-9171
Attorney for Appellee:
Albertelli Law Partners LLC

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
Attorney for Appellee:
James E Albertelli PA

Dated: March 12, 2015

John Pinson, *pro se* Appellant